IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DENTAVIA KHIRY MCNAIR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 114-214 |
| | ) | (Formerly CR 113-010) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at the Federal Correctional Institution in Beaver, Wisconsin, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DISMISSED** without prejudice and this civil action be **CLOSED**.

**I.  BACKGROUND**

On January 11, 2013, Petitioner was indicted for one count of conspiracy to defraud the government in violation of 18 U.S.C. § 286, thirteen counts of theft of public money in violation of 18 U.S.C. § 641, seven counts of misuse of health identifiers in violation of 42 U.S.C. §§ 1320d-6(a)(1) & (b)(3), and seven counts of aggravated identity theft in violation of 18 U.S.C. 1028A. United States v. McNair, CR 113-010, doc. no. 1 (S.D. Ga. Jan. 11,

2013). On May 21, 2013, Petitioner, represented by attorney Danny Durham, pled guilty pursuant to a plea agreement to one count of conspiracy to defraud the government in violation of 18 U.S.C. § 286, two counts of misuse of health identifiers in violation of 42 U.S.C. §§ 1320d-6(a)(1) & (b)(3), and one count of aggravated identity theft in violation of 18 U.S.C. 1028A. (Id., doc. nos. 271-73.) In exchange for Petitioner pleading guilty to the other counts, the government agreed to drop the remaining twenty-four counts of the indictment. (Id., doc. no. 273, pp. 1-3.) On December 17, 2013, United States District Judge J. Randal Hall sentenced Petitioner to a total of 108 months of imprisonment, $400.00 in special assessments, restitution of $83,670.00, and three years of supervised release. (Id., doc. no. 346.) Judge Hall thereafter entered Petitioner's judgment and conviction on December 18, 2013. (Id., doc. no. 349.) The next day, December 19, 2013, Petitioner filed a *pro se* notice of appeal. (Id., doc. no. 351.) On December 23, Mr. Durham was appointed Petitioner's counsel on direct appeal. (Id., doc. no. 354.) Petitioner's direct appeal of his conviction and sentence are currently pending before the Eleventh Circuit. See United States v. McNair, No. 13-15776-AA (11th Cir. filed Dec. 19, 2013).

The Clerk of Court filed the instant § 2255 motion on November 17, 2014. (Doc. no. 1.) Petitioner asserts that the government breached his plea agreement by objecting to a reduction for acceptance of responsibility points, and that his attorney was ineffective during the plea negotiations and during the presently pending direct appeal. (Doc. no. 2, p. 4.) Petitioner appears to be under the mistaken belief that Mr. Durham withdrew his appeal because he filed a motion to withdraw as Petitioner's attorney on appeal. (See generally doc. nos. 1, 2.) However, the Eleventh Circuit's docket shows that the appeal is still pending.

2

See United States v. McNair, No. 13-15776-AA (11th Cir. filed Dec. 19, 2013).

## II. DISCUSSION

"In the absence of extraordinary circumstances, a district court does not have jurisdiction to consider or rule on a § 2255 motion during the pendency of a direct appeal of the underlying criminal conviction or sentence." Blair v. United States, 527 F. App'x 838, 839 (11th Cir. 2013); United States v. Khoury, 901 F.2d 948, 969 n.20 (11th Cir. 1990) (§ 2255 motion will not be entertained during pendency of a direct appeal); see also Fernandez v. United States, 941 F.2d 1488, 1491 (11th Cir. 1990) (holding no extraordinary circumstances where petitioner asserted a doctor told him he would not live more than two years and he was being denied life-saving medical treatment); Starr v. United States, No. CR407-002, 2009 WL 995563, at *1 (S.D. Ga. Apr. 13, 2009) (dismissing § 2255 as premature where direct appeal pending and petitioner had not demonstrated extraordinary circumstances). "The appropriate course of action for addressing a § 2255 motion filed during the pendency of the direct appeal is to dismiss the § 2255 action without prejudice." Blair, 527 F. App'x at 839.

Petitioner has not alleged any extraordinary circumstances to justify immediate review of his § 2255 motion. Indeed, it appears that Petitioner has filed the current motion in the mistaken belief that his attorney dismissed his direct appeal. However, his direct appeal is still pending before the Eleventh Circuit. Accordingly, the Court has no jurisdiction to consider the § 2255 motion and it should be dismissed without prejudice. See Blair, 527 F. App'x at 839.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of November, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4